UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID M. HUEBLER,

    Plaintiff,                        CASE NO. 09-11817

v.                                    DISTRICT JUDGE VICTORIA A. ROBERTS
                                     MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***
(Doc. 2)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis* be **DENIED**.

**II.    REPORT**

Pending, pursuant to an Order of Reference for general case management from United States District Judge Victoria A. Roberts issued May 12, 2009 (Doc. 3), is Plaintiff's Application to Proceed *In Forma Pauperis*. (Doc. 2.) This Report and Recommendation is filed pursuant to *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990) (holding that magistrate judges lack authority to deny pauper status).

Since 1892, federal courts have possessed statutory power under 28 U.S.C. § 1915 to authorize commencement of civil actions *in forma pauperis* ("IFP"). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed

without having to advance the fees and costs associated with litigation. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981). An indigent litigant seeking to proceed IFP must file an affidavit that includes a statement of that person's assets and his inability to pay fees. *See* 28 U.S.C. § 1915(a)(1). If the court grants the motion to proceed IFP, the litigant is excused from prepayment of filing fees. *Id*. A court may also direct the United States to pay expenses associated with printing records and transcripts, *id.* § 1915(c), and will order court officers to carry out duties associated with service of process. *Id.* § 1915(d).

In *Adkins v. E.I. DuPont de Nemours, Inc.*, 335 U.S. 331, 69 S. Ct. 85, 93 L. Ed. 43 (1948), the United States Supreme Court held that one need not be absolutely destitute to enjoy the benefit of proceeding IFP. *See also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000). An affidavit to proceed IFP is sufficient if it states that one cannot, because of his or her poverty, afford to pay for costs of litigation and still provide herself and her family the necessities of life. *Adkins*, 335 U.S. at 339. Proceeding IFP "is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).

In determining IFP eligibility, "courts will generally look to whether the persons are employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing and Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006). Assets include equity in real estate and automobiles. *United States v. Valdez*, 300 F. Supp. 2d 82, 84 (D.D.C. 2004) (denying IFP status where plaintiff had $80,000 of equity in real estate and automobiles valued at a total of $30,000). In addition, the ability to cover the costs of litigation and the necessities of life "has consistently depended in part on [the] litigant's actual ability to get funds from a spouse, a parent, and adult sibling or other next friend." *Caldwell*

2

*v. Providence Family Physician (Tillman's Corner) Seton Medical Management*, 2005 WL 1027287, at *2 (S.D. Ala. Apr. 29, 2005) (unpublished). *See also Friedman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002).

In this case, Plaintiff indicates that he has approximately $5,000 in a checking or savings account and that he owns his home valued at $45,000 and a truck valued at $1,000. (Doc. 2 at 2.) Plaintiff also indicates that he has no dependents. In light of these assets, I suggest that Plaintiff possesses the financial ability to cover the costs of litigation without undue financial hardship.

Financial ability has been found in circumstances less favorable than those of the instant case. *See, e.g., Brown v. Dinwiddle*, 280 Fed. App'x 713, 715-16 (10th Cir. 2008) (denying IFP application where plaintiff had $850 in his savings account and could thus afford the $455 filing fee for his appeal); *Ali v. Cuyler*, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (denying IFP application where the plaintiff had $450 in his savings account because that amount was "more than sufficient to allow the plaintiff to pay the filing fee in this action"); *Bloom v. San Diego County Offices of Health and Human Services*, No. 07-CV-1692W(RBB), 2007 WL 2782562 (S.D. Cal. Sept. 25, 2007) (denying IFP status where plaintiff had no dependents and owned a vehicle outright); *Daniel v. United States of America*, No. 05-2344-B/P, 2006 WL 626244 (W.D. Tenn. Mar. 9, 2006) (denying IFP status where plaintiff's inmate account had a balance of $587.47).

In light of the above facts and case law, I suggest that Plaintiff has not demonstrated that, because of his poverty, he is unable to pay for the costs of his litigation and still provide for himself. Accordingly, I suggest that Plaintiff's application be denied because his access to the court is not blocked by her financial condition, but rather, he is properly in the position of having to weigh the financial constraints posed by pursuing his complaint against the merits of his claims.

**III.  REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                s/ *Charles E Binder*
                                                CHARLES E. BINDER
Dated: May 14, 2009                               United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and electronically served upon counsel of record via the Court's ECF system.

Date:  May 14, 2009                          By     s/Patricia T. Morris
                                                   Law Clerk to Magistrate Judge Binder